Chief Justice Robertson
dfib'vp','ed Hie Opinion of rbe Court.
This is an action of covenant brought by William Buford, against George Brvan and Pier-son V!. Bryan for an alleged breach of their covenant to indemnify him against all liability resulting from debts -which had hp.en previously incurred hy himself and the said Pierson M. Brvan and Willis N. Brvan as partners in trade. The breach alleged was the non-pavmpnt, bv the covenantors, of a note which the partners, prior to the date of the covenant, had executed to one William Scótt, and the subsequent navment of it bv Buford, in consequence of the imputed delinquency of the covenantors. Buford •obtained a judgment in damages against George Brvan.
Various errors have been assigned; but we shall notice two of them only.
I. By a plea, no. 5, the- defendants in the action pleaded, among other things, that Buford had not, as he had averred, paid the amount of the note to Scott: and the circuit court sustained a demurrer to that plea. In this the circuit court erred, since the abolition of special demurrers, duplicity in pleading •is not fatal. Therefore, if the fifth plea, though it may be trouble, contain any available matter in bar ■of the action it is good on demurrer. As the covenantors undertook to indemnify the covenantor against a preexisting liability to suit, there was no breach of the covenant unless Buford bad been sued by Scott, or had actually paid to him the amount of the note or some portion of it (see Lewis et al. vs. Crocket, III. Bibb 196.) Therefore the plea, averring that he had not paid Scott, was a full and effeciual response to the alleged breach, and was a good plea.
•II. On the trial, Buford was permitted to read, to the jury, an endorsement on Scott’s note, purporting to be a receipt by him to Buford, for the amount ef the note. As the suit was brought in Buford’s *336 name, for Scott’s benefit, and as there was no proof of the genuineness of the receipt, or other proof of the alleged payment to Scott, the endorsement on the note was impertinent and illegitimate as evidence.
Brown for plaintiff; Marshall and JHanson for de-fendant.
Wherefore, the judgment of the circuit court against Georgb Bryan, must be reversed,and the cause remanded for a new trial, and with instructions to overule the dotnurrer to the fifth plea.